Filed 3/28/23 P. v. Cabada CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

ROBERT DAVID CABADA,

    Defendant and Appellant.

E080217

(Super.Ct.No. RIF129088)

OPINION

APPEAL from the Superior Court of Riverside County. Sean P. Crandell, Judge. Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Robert David Cabada appealed from the trial court's order denying his motion to stay his restitution fine under newly-enacted laws. Defendant's appointed appellate counsel filed a brief seeking our independent review of the record for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Although it is questionable whether a *Wende* review applies in a postconviction proceeding, we have exercised our discretion and conducted a review pursuant to *Wende*. For the reasons set forth *post*, we affirm the trial court's order because defendant's appeal presents no meritorious arguable issues.

## STATEMENT OF THE CASE[1]

On October 18, 2007, a jury convicted defendant of aggravated kidnapping under Penal Code[2] section 209, subdivision (b) (count 1); forced oral copulation under section 288a, subdivision (c)(2) (count 2); and criminal threats under section 422 (count 3).[3] The jury also found that defendant used a deadly weapon in the commission of counts 1 and 2. (§§ 12022, subd. (b)(1), 12022.3, subd. (a).) Furthermore, the jury found true several one-strike circumstances relating to count 2, including simple kidnapping, aggravated kidnapping, and the use of a dangerous weapon. (§§ 667.61, subds. (d)(2), (e)(1), (e)(4).)

---

[1] A statement of facts is not relevant to this appeal.

[2] All further statutory references are to the Penal Code unless otherwise specified

[3] On December 30, 2008, this court issued a nonpublished opinion in *People v. Cabada* (Dec. 30. 2009, E044921 [nonpub. opn.] (*Cabada*), defendant's appeal from the underlying judgment. On February 8, 2023, this court granted defendant's request for this court to take judicial notice of the prior nonpublished opinion, the remittitur, and the order denying defendant's petition for review before the California Supreme Court.

On January 4, 2008, the trial court sentenced defendant to an aggregate term of 26 years to life.

At the sentencing hearing on January 4, 2008, the trial court imposed a restitution fine of $3,000 under section 1202.4, subdivision (b), and imposed, but suspended, a parole revocation fine in the same amount under section 1202.45. No other fines, fees, assessments or costs were imposed at sentencing. This court affirmed the judgment.

On January 2, 2018, the trial court modified the judgment. The court found that "the minute order dated 01/04/2008 does not correctly/clearly reflect the Court order and orders it corrected Nunc Pro Tunc." The trial court struck the one-year consecutive prison term imposed under section 12022, subdivision (b)(1). The court ordered an "amended abstract be issued." On August 4, 2020, the court issued amended abstracts of judgment to comply with the order on January 2, 2018. In the amended abstracts, no additional fines, fees, assessments or costs were added.

On October 26, 2022, defendant filed a "Motion to Stay Restitution Fines Under Newly Enacted Assembly Bill's [*sic*] 177 and 1869." In his motion, defendant argued that the court was required to "stay outstanding fines and restitution on those who request for the Court to do so." Defendant also argued that the statutory changes enacted were fully retroactive and applied "to individuals serving both final and non-final sentences." Therefore, defendant requested that the court "stay these outstanding fines and restitution." The trial court denied the motion after an ex parte hearing.

On November 17, 2022, defendant filed a timely notice of appeal from the order denying his motion.

**DISCUSSION**

In the brief filed under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, defendant's appellate counsel set forth a statement of the case, a summary of the facts, and potential arguable issues, and requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issue to assist the court in its search of the record for error:

"Did the trial court err in denying appellant's motion to stay restitution fines previously-imposed at sentencing in 2008 and reaffirmed in 2018 pursuant to section 1202.4, subdivision (b)? (See 1 CT 20 [newly issued abstract of judgment for counts 1 and 2 reaffirming and restating the $3,000 restitution and parole revocation fines originally imposed by the trial court in 2008]; see also §§ 1465.9, subdivision (b) ['On and after January 1, 2022 the balance of any court-imposed costs pursuant to Section[s] 1001.15, 1001.16, 1001.90, 1202.4, 1203.1, 1203.1ab, 1203.1c, 1203.1m, 1203.4a, 1203.9, 1205, 1214.5, 2085.5, 2085.6, or 2085.7, as those sections read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated.']; *People v. Greeley*[ (2021)] 70 Cal.App.5th [609,] 626-627.)"

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Assembly Bill No. 1869 (AB 1869) amended the Penal Code by adding section 1465.9, which provides that "the balance of any court-imposed costs pursuant to section 987.4, subdivision (a) of Section 987.5, Sections 987.8, 1203, 1203.1e, 1203.016,

4

1203.018, 1203.1b, 1208.2, 1210.15, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2020, ch. 92, § 62; § 1465.9.) Section 1465.9 does not include section 1202.45, which authorizes the imposition of parole revocation fines.

In a subsequent statute, Assembly Bill No. 177 (AB 177), the Legislature amended section 1465.9 to provide that "[o]n and after January 1, 2022 the balance of any court-imposed costs pursuant to [s]ection . . . 1202.4 . . . as [that] section[] read[s] on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (b).) The Legislature's purpose in enacting this statute was "to eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees." (Stats. 2021, ch. 257, § 2.) As part of this legislation, the Legislature repealed a provision allowing county boards of supervisors to "impose a fee to cover the actual administrative cost of collecting the restitution fine" (former § 1202.4, subd. (1)), while keeping the remainder of section 1202.4 the same. Therefore, there is no indication that the Legislature intended to provide relief from restitution fines, as challenged by defendant in this case.

Therefore, we are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

5

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>MILLER</u>               
J.

We concur:

<u>McKINSTER</u>
Acting P. J.

<u>RAPHAEL</u>
J.